

JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 7753

---------------------------------------------------------------X

RAFAEL GONZALES,                          )
                                          )
                                          )
                       Plaintiff,         )        **COMPLAINT**
                                          )
                                          )
           -against-                      )        JURY TRIAL DEMANDED
                                          )
                                          )
THE CITY OF NEW YORK; POLICE OFFICER      )
RYAN BRACCONERI, Shield No. 07459;        )
POLICE OFFICER JAMES SIMPSON, Shield No.  )
29530; POLICE SERGEANT JUDE SCIARILLO,    )
Shield No. 2994; POLICE SERGEANT JOSE     )
FELICIANO Shield No. 2346; JOHN DOES; and )
RICHARD ROES,                             )
                                          )
                                          )
                       Defendants.        )

---------------------------------------------------------------X

RECEIVED
NOV 01 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff RAFAEL GONZALES seeks relief

for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, by the United States Constitution, including its Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on October 24, 2012.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.     Plaintiff RAFAEL GONZALES was at all times relevant herein a resident of the State of New York, Bronx County.  Plaintiff RAFAEL GONZALES is Latino.

8.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk

attaches to the public consumers of the services provided by the New York City Police Department.

9.       Defendants POLICE OFFICER RYAN BRACCONERI, POLICE OFFICER JAMES SIMPSON, POLICE SERGEANT JUDE SCIARILLO, POLICE SERGEANT JOSE FELICIANO, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER RYAN BRACCONERI, POLICE OFFICER JAMES SIMPSON, POLICE SERGEANT JUDE SCIARILLO, POLICE SERGEANT JOSE FELICIANO, and JOHN DOES, are sued individually.

10.      Defendants POLICE SERGEANT JUDE SCIARILLO, POLICE SERGEANT JOSE FELICIANO, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of

state law in the course and scope of their duties and functions as supervisory officers, agents,

servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on

behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and

the New York City Police Department, and were otherwise performing and engaging in conduct

incidental to the performance of their lawful functions in the course of their duties.  Defendants

POLICE SERGEANT JUDE SCIARILLO, POLICE SERGEANT JOSE FELICIANO, and

RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.     On or about August 4, 2012, approximately 10:45 p.m. and thereafter, Plaintiff

was present at or around 333 E. 181st Street, Bronx, NY.

12.     Police officers, on information and belief including Defendants BRACCONERI,

SIMPSON, SCIARILLO, and FELICIANO, accosted Plaintiff and beat and manhandled him, and

placed Plaintiff under arrest, without cause or justification.

13.     Defendants took Plaintiff to the NYPD 46th Precinct, and held him there.

14.     Plaintiff was questioned at the 46th Precinct about a shooting as to which he had no

involvement.

15.     Plaintiff was brought, in NYPD custody, to St. Barnabus Hospital.

16.     At approximately 2 or 3 a.m. on August 5, 2012, Plaintiff was brought back to the

46th Precinct by Defendants and, after about another hour there, was taken to Bronx Central

Booking.

17.     While held at the 46th Precinct, Plaintiff was subjected by Defendants to an

intrusive and inappropriate search.

18.    Plaintiff was held at Bronx Central Booking until he was arraigned and released on his own recognizance on August 6, 2012 at approximately 2:45 p.m.

19.    Plaintiff was charged, without lawful justification, with Resisting Arrest, Attempted Assault in the 3rd Degree, Menacing, and Harrassment in the 2nd Degree.

20.    The complainant on the Criminal Court Complaint lodged against the Plaintiff was Defendant BRACCONERI, who falsely attested under penalty of perjury that Plaintiff cursed at him and attacked him.

21.    These false allegations were made for the collateral purpose of covering up Defendants' misconduct.

22.    Defendant SIMPSON is listed as the arresting officer on property invoices issued to Plaintiff by the NYPD, and Defendants SCIARILLO and FELICIANO are listed as approving supervisors.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

23.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

24.    By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, abusing process against plaintiff, violating rights to due process of plaintiff, fabricating evidence against plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he

received at the hands of other defendants, defendants BRACCONERI, SIMPSON, SCIARILLO, FELICIANO, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

25.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

26.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

27.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants SCIARILLO, FELICIANO and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

28.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

29.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

30.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants had <u>de</u> <u>facto</u> policies,

practices, customs and usages which were a direct and proximate cause of the unconstitutional

conduct alleged herein.

31.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had <u>de</u> <u>facto</u> policies,

practices, customs, and usages of failing to properly train, screen, supervise, or discipline

employees and police officers, and of failing to inform the individual defendants' supervisors of

their need to train, screen, supervise or discipline said defendants.  These policies, practices,

customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged

herein.

32.     At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had <u>de</u> <u>facto</u> policies,

practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other

law enforcement officers' misconduct, through the fabrication of false accounts and evidence

and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a

direct and proximate cause of the unconstitutional conduct alleged herein.

33.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

34.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

35.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

36.   The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

37.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

38.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

39.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

41.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

42.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## SEVENTH CLAIM

## VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

44.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

45.     By the actions described above, defendants violated plaintiff's rights to equal

protection of law.  The acts and conduct of the defendants were the direct and proximate cause of

injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed

by the laws and Constitution of the State of New York.

46.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## EIGHTH CLAIM

## ABUSE OF PROCESS

47.     The plaintiff incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

48.     By the conduct and actions described above, defendants employed regularly issued

process against plaintiff compelling the performance or forbearance of prescribed acts.  The

purpose of activating the process was intent to harm plaintiff without economic or social excuse

or justification, and the defendants were seeking a collateral advantage or corresponding

detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct

of the defendants were the direct and proximate cause of injury and damage to plaintiff and

10

violated their statutory and common law rights as guaranteed by the laws and Constitution of the

State of New York.

49.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## NINTH CLAIM

### TRESPASS

50.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

51.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of

plaintiff.

52.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## TENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

53.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

54.     By the actions described above, defendants engaged in extreme and outrageous

conduct, conduct utterly intolerable in a civilized community, which intentionally and/or

negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were

the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and

common law rights as guaranteed by the laws and Constitution of the State of New York.

55.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENCE

56.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

57.    The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

58.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

59.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

60.    Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

61.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### CONSTITUTIONAL TORT

62.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63.    Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

64.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

65.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims

herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated:         New York, New York
               November 1, 2013

               JEFFREY A. ROTHMAN, Esq.
               315 Broadway, Suite 200
               New York, New York 10007
               (212) 227-2980

               Attorney for Plaintiff